UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **BRANDAN G. MANNS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 3:20-cv-01040-SLC |
| | ) |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) |
| *sued as Martin O'Malley, Commissioner of* | ) |
| *Social Security Administration,*[1] | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Plaintiff Brandan G. Manns brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On March 30, 2022, the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings, entering a judgment in Manns's favor. (ECF 25, 26).

Manns's attorney, Jennifer Fisher ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $24,023.50, less an offset of $12,000 for attorney fees previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, resulting in a net payment of $12,023.50 for Counsel's representation of Manns in federal court. (ECF 31, 32). The Commissioner does not oppose Counsel's fee request. (ECF 33). For the following reasons, the motion for attorney fees will be GRANTED.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for Andrew Saul in this case. *See Melissa R. v. O'Malley*, No. 1:22-cv-02404-TAB-TWP, 2023 WL 8866397, at *1 n.1 (S.D. Ind. Dec. 22, 2023).

*A. Factual and Procedural Background*

On December 14, 2020, Counsel entered into a fee agreement with Manns for her representation of Manns in federal court, in which Manns agreed to pay Counsel 25 percent of any past-due benefits awarded to him and his family. (ECF 32-1 at 25).[2] On December 18, 2020, Manns, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of his application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Manns's favor and remanded the case on March 30, 2022. (ECF 25, 26).

On June 29, 2022, Counsel filed a request for attorney fees under the EAJA in the amount of $12,674.47, plus $423 in costs, together with supporting materials, for the 58.8 hours she spent advocating Manns's claim in federal court. (ECF 27, 28, 28-1, 28-2). On July 13, 2022, the Commissioner filed a joint stipulation by the parties to an EAJA award in the amount of $12,000, plus $423 in costs. (ECF 29). The Court granted the motion, as modified by the stipulation, and awarded Manns $12,000 in EAJA fees, plus $423 in costs. (ECF 30).

In November 2023, the Commissioner sent Manns a notice of award, informing that he was found disabled as of March 27, 2018, and entitled to monthly disability benefits beginning September 2018. (ECF 32-1 at 19-20). The Commissioner further explained that Manns was entitled to $71,170 in past-due benefits, but that the Commissioner withheld 25 percent of that amount, $17,792.50, to pay Manns's attorneys. (*Id.* at 21). That same month, the Commissioner sent two more notices of award to Manns on behalf of his two children, relaying that each child was entitled to monthly disability benefits beginning September 2018 and $12,462 in past-due benefits, but that the Commissioner withheld 25 percent of that amount, $3,115.50, per child, to

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

pay Manns's attorneys. (*Id.* at 11-12, 15-16). Thus, Manns, on behalf of himself and his family, was entitled to $96,094 in total past-due benefits, and the Commissioner withheld a sum of $24,023.50 to pay Manns's attorneys.

On January 26, 2024, Counsel filed the instant motion, together with a supporting memorandum and documents, seeking the Court's approval of a § 406(b) award in the amount of $24,023.50, less an offset for $12,000 in EAJA fees previously awarded, resulting in a net payment of $12,023.50 from Manns's and his children's withheld past-due benefits for Counsel's representation before this Court. (ECF 31, 32, 32-1, 32-2).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[3]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. § 404.1725(a).[4] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[5] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### C. Analysis

The Court is charged with determining whether Counsel's requested fee (prior to

---

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

subtracting the EAJA award) of $24,023.50 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). The notice of benefits from the Commissioner indicates that Manns, on behalf of himself and his family, was awarded $96,094 in past-due benefits. (ECF 32-1 at 12, 16, 21). As such, the fee amount that Counsel requests, $24,023.50, does not exceed 25 percent of Manns's total past-due benefits.

Counsel contends that the requested fee award of $24,023.50 is reasonable for the 58.8 hours she spent representing Manns in federal court. (ECF 32 at 5-12). It is obvious that Counsel obtained a good result for Manns, as the Commissioner ultimately found him disabled and awarded him disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). In doing so, Counsel requested, and was granted, just one 30-day extension of time (ECF 20, 21), and thus did not unduly contribute to any delay of the case. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in

social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases."). Indeed, it is "widely recognized . . . that recovery under contingency fee agreements serves to offset an attorney's losing cases, . . . [which] is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

Further, Counsel's requested fee of $24,023.50 divided by the 58.8 hours spent on the case in federal court equates to an effective rate of about $409 per hour, which is well within the range of past awards approved by this Court. *See, e.g. Toth v. Saul*, No. 1:17-cv-00516-SLC, 2020 WL 6441313, at *3 (N.D. Ind. Nov. 3, 2020) (awarding fee equating to $330 per hour); *Pence v. Saul*, No. 1:17-cv-0090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour).[6]

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $24,023.50, less an offset for $12,000 in EAJA fees previously awarded, resulting in a net fee

---

[6] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus, *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen*, 2004 WL 1737443, at *5; *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

award to Counsel of $12,023.50. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees).

### D. Conclusion

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 31) is GRANTED in the amount of $24,023.50, less an offset for $12,000 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $12,023.50. The Commissioner shall pay Counsel $12,023.50 out of Manns's and his children's withheld past-due benefits in accordance with agency policy and release any remaining withheld benefits to Manns and his children. Counsel is allowed to retain the $12,000 in EAJA fees previously awarded.

SO ORDERED.

Entered this 30th day of April 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

7